UPON the principal question in this cause, the court on the 8 day of march, 1793, delivered the following
OPINION:
That a mortgager or his devisee, who will not redeme the estate pledged, but retaining the possession taketh the profits thereof, after the time limited for performance of the condition, ought to account for such aftertaken profits ; because, during this period, he is an unrighteous possessor, neither having the legal title, nor asserting his equitable title, probably conscious that the estate is of less value than the debt with which it had been incumbered, and yet diminishing that value, by withholding the possession so long as the laws delay preventeth the wresting it from him, and by enjoying the fruits in the mean time, and to this opinion the court adhereth, notwithstanding the objection, that the mortgager, or his devisee, doth not appear to have been made so accountable in any instance, but, on the contrary, demands of such accounts against a mortgager have been judicialy rejected, in some instances : for the inference, against the existence of a right, drawn from defect of precedents in affirmance of the right, is not allowed alone to be decisive, in any case ; and, opposed to the principle before explaned, if that be true and well applied, is affirmed to be not decisive, in this case ; and the reason assigned for the rejection, to which the latter part of the objection alludeth, namely, that mortgagee ought to take the legal remedies to get into the possession, seemeth not pertinent to the question, nor congruous with the praecepts of justice: for this court cannot discern how, from the mortgagees obligation to resort to legal remedies for recovering possession of land, to which his right is undeniable, is deducible this consequence, that he must be deprived of profits taken before the remedies, dilatory in themselves, and often *189 made more so through industrious procrastination by the other party, are efficatious — profits which the former would have taken, and to which his right would have been the same as his right to the land which produced them, if the mortgager had not wrongfully detained the possession of this ; and to a decision, by any court, which results not, by fair deduction, from the principles alledged to warrant it, the authority of a precedent, which ought to govern in like cases, is denied, nor can this court grant that the mortgager, retaining profits, which, on the supposition that he doth not intend to redeme the estate mortgaged, he ought not to have taken, may thus justly enrich himself out of the mortgagees loss.